IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUNIOR ANTHONY SIMMS,

        Petitioner,

v.                               Civil Action No. 1:11-CV-96

TERRY O'BRIEN, Warden,

        Defendant.

## REPORT AND RECOMMENDATION THAT PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AS MOOT

On June 17, 2011, Junior Anthony Simms, the pro se petitioner, filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 together with an Application and Motion for Leave to Proceed in forma pauperis in Support of Petitioner and/or Motion.[1] Later on June 17, 2011, Petitioner was sent a Notice of Deficient Pleading indicating he had not used the correct in forma pauperis form per the Local Rule of Prisoner Litigation Procedure 3.4 and was directed to re-file using the correct form.[2] On June 20, 2011, Petitioner paid his $5.00 filing fee.[3] On July 8, 2011, Petitioner filed the instant Motion for Leave to Proceed in forma pauperis.[4]

Petitioner has already paid his $5.00 filing fee, therefore, Petitioner's Motion to Proceed in forma pauperis is moot. Additionally, Petitioner's trust account report reveals Petitioner's average monthly deposits during the six months prior to the filing of the civil action total

---

[1] Dkt. Nos. 1 & 3.

[2] Dkt. No. 5.

[3] Dkt. No. 6.

[4] Dkt. No. 8.

$366.80. Petitioner has an average monthly balance of $134.69 and a current balance of $92.31. Even if Petitioner's Motion had not become moot, he would not have qualified to proceed in forma pauperis because of the amount in his account.

Accordingly, it is recommended Petitioner's Application to Proceed in forma pauperis be **DENIED**.

Plaintiff may file within ten (10) days from the date of this Report and Recommendation, with the Clerk of Court, written objections identifying those portions of the recommendation to which objection is made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: September 8, 2011

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE