IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUNIOR ANTHONY SIMMS,

        Petitioner,

v.                                                      Civil Action No. 1:11-cv-96

TERRY O'BRIEN, Warden

        Respondent.

## REPORT AND RECOMMENDATION

On June 17, 2011, the *pro se* petitioner, Junior Anthony Simms, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 requesting that his conviction be reversed. On July 8, 2011, after receiving a Notice of Deficient Pleading, Petitioner re-filed his Petition on the proper form. This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, et seq., is ripe for review.

## I. FACTUAL AND PROCEDURAL HISTORY

Following a sixteen-day trial in the U.S. District Court for the Eastern District of Virginia, Petitioner was convicted on Counts three, four and five of knowingly carrying a firearm during and in relation to a drug trafficking crime on three different occasions. On February 26, 1998, Petitioner was sentenced as to Count one to sixty months imprisonment to run consecutively with all Counts, three years supervised release to run concurrently with supervised released imposed in another case and a $50 special assessment fee. As to Counts four and five, Petitioner was sentenced to 240 months imprisonment on each Count, to run consecutively with

1

each other, Count three and with the sentence imposed in another case, three years supervised release to run concurrently with supervised release imposed in another case, a $50 special assessment fee.

Petitioner has filed numerous actions in the United States District Court for the Eastern District of Virginia and in the Fourth Circuit Court of Appeals seeking relief from his conviction. On July 6, 2001, after the appeals of various co-defendants were consolidated, the Fourth Circuit Court of Appeals found no reversible error with respect to Simms' trial and affirmed his conviction and sentences. United States v. Stewart, 256 F.3d 231 (4th Cir. 2001). Petitioner's petition for a Writ of Certiorari was then denied by the Supreme Court on November 26, 2001. Simms v. United States, 534 U.S. 1049 (2001). Thereafter, on November 27, 2002, Petitioner filed a Motion to Vacate under 28 U.S.C. §2255, and on November 4, 2003, it was dismissed. On January 5, 2004, petitioner filed a Motion for a Certificate of Appealability, which was denied, and on May 6, 2004, Fourth Circuit Court of Appeals dismissed the appeal.

Thereafter, and after the filing of the instant Motion, on June 27, 2011, Petitioner filed a Motion to Dismiss the Indictment, or, in the alternative, to Inspect the list of Names of Qualified Grand Jurors who Voted the Indictment. On August 22, 2011, the Court denied Petitioner's Motion to dismiss the indictment as untimely.

## II. CLAIMS RAISED BY THE PETITIONER

The petitioner now attacks the validity of his conviction via a §2241 petition in which he asserts the following grounds for relief: (1) insufficient evidence to sustain a conviction; (2) Improper jury instruction; (3) Ineffective assistance of counsel for failure to conduct a prompt factual investigation; (4) ineffective assistance of counsel for failure to file a Motion to Dismiss the Second Indictment for Speedy Trial Rights violations.

2

## III. ANALYSIS

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner in entitled to file a §2241 petition if he can demonstrate that §2255 is an adequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[3]

---

[3] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Jones, 226 F.3d at 333-34.

In this case, Petitioner is not challenging the execution of his sentence, but instead he is challenging the imposition of his sentence. In particular, he is alleging there was insufficient evidence to sustain his conviction under § 924(c), that the jury was given an improper instruction, and that he received ineffective assistance of counsel. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violation of 18 U.S.C. § 924(c) remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED** and **DISMISSED**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such

---

28 U.S.C. §2255; see Jones, 226 F.3d at 330.

Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: October 13, 2011.

*James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE