IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUNIOR ANTHONY SIMMS,

      Petitioner,

v.               //      CIVIL ACTION NO. 1:11CV96
                                    (Judge Keeley)

TERRY O'BRIEN,

      Respondent.

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS

Before the Court are the Magistrate Judge's two Reports and Recommendations concerning the petition filed by Junior Anthony Simms pursuant to 28 U.S.C. § 2241 (dkt no. 1). For the reasons set forth below, the Court **ADOPTS** both Reports and Recommendations in their entirety.

**I.**

On June 17, 2011, the pro se petitioner, inmate Junior Anthony Simms ("Simms"), filed the instant petition attacking the validity of his conviction. Specifically, he alleges that there was insufficient evidence to sustain his conviction, that the Court delivered an improper jury instruction, and that his attorney offered ineffective assistance of counsel for failing to conduct a prompt factual investigation and for failing to file a motion to dismiss the second indictment for speedy trial rights violations. The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with LR PL P 2.

SIMMS v. O'BRIEN                                              1:11CV96

<u>ORDER ADOPTING REPORTS AND RECOMMENDATIONS</u>

On June 17, 2011, Simms filed an "Application and Motion for Leave to Proceed in Forma Pauperis" (dkt. no. 3). The same day, the Clerk of the Court issued a notice of deficient pleading with respect to Simms's motion (dkt. no. 5). On June 20, 2011, Simms paid the required five dollar filing fee, but on July 8, 2011, he again filed a motion for leave to proceed in forma pauperis (dkt. no. 8).

**II.**

On September 8, 2011, Magistrate Judge Seibert issued a first Report and Recommendation ("first R&R"), in which he recommended that Simms's motions for leave to proceed in forma pauperis be denied as moot (dkt. no. 10). Magistrate Judge Seibert determined that Simms's payment of the filing fee mooted his motions and, in any case, an examination of the petitioner's inmate trust account demonstrated Simms did not qualify to proceed in forma pauperis.

Magistrate Judge Seibert also informed Simms that failure to object to the R&R within ten (10) days would result in the waiver of his appellate rights on this issue. On September 20, 2011, Simms filed a response to the first R&R, which raised no objections.[1]

---

[1] Simms stated that he had "no problem in complying" and asked the Court to inform him of any further requirements of which he might be unaware. Simms's failure to object to the Report and Recommendation waives his appellate rights in this matter and relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).

SIMMS v. O'BRIEN                                          1:11CV96

ORDER ADOPTING REPORTS AND RECOMMENDATIONS

Accordingly, the Court **ADOPTS** the Magistrate Judge's first R&R
(dkt. no. 10) and **DENIES AS MOOT** Simms's motions for leave to
proceed in forma pauperis (dkt. nos. 3, 8).

**III.**

On October 13, 2011, Magistrate Judge Seibert issued a second
Report and Recommendation ("second R&R"), in which he recommended
that Simms's § 2241 petition be denied and dismissed (dkt. no. 13).
Magistrate Judge Seibert determined that because Simms is seeking
a modification of his sentence he is seeking § 2255 relief rather
than § 2241 relief. Pursuant to In re Jones, 226 F.3d 328 (4th Cir.
2000), the magistrate judge determined that Simms is not entitled
to file the instant § 2241 petition because he has not established
that § 2255 is an inadequate or ineffective remedy for his claims.

On October 25, 2011, Simms filed objections to the second R&R
(dkt. no. 15) contending, in essence, that he can meet the three-
prong test of In re Jones and that, consequently, the magistrate
judge incorrectly determined § 2241 was an improper vehicle for his
claims. After conducting a de novo review, the Court concludes that
Simms's objections are without merit.

Where, as here, a petitioner seeks to attack the imposition of
his sentence, rather than its execution, he may only seek a writ of
habeas corpus pursuant to § 2241 by demonstrating that § 2225 is
"inadequate or ineffective to test the legality of . . .

3

SIMMS v. O'BRIEN                                    1:11CV96

ORDER ADOPTING REPORTS AND RECOMMENDATIONS

detention." 28 U.S.C. § 2255(e) (the "savings clause"); see also In re Jones, 226 F.3d at 332. Section 2255 is inadequate or ineffective where:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Contrary to Simms's arguments, he has not established that "the conduct of which [he] was convicted" is no longer criminal, as required by the second prong of this test. Id.

Although the underlying offense of conviction in this case is the same as the offense in In re Jones, any similarity between the two cases ends there. In that case, Byron Jones ("Jones") was convicted of using or carrying firearms during a drug trafficking offense, pursuant to 18 U.S.C. § 924(c)(1). Subsequent to Jones's unsuccessful attempts to seek relief through direct appeal and a § 2255 habeas petition, the United States Supreme Court overruled the meaning of the "use" prong of § 924(c)(1), making constructive possession of a firearm insufficient to maintain a conviction under the statute. See Bailey v. United States, 516 U.S. 137, 143 (1995). The Court of Appeals for the Fourth Circuit then held that,

4

SIMMS v. O'BRIEN                                        1:11CV96

ORDER ADOPTING REPORTS AND RECOMMENDATIONS

although Jones could not pursue a successive § 2255 motion, he was entitled to seek relief under the § 2241 "savings clause" because the substantive law had changed such that the conduct for which he had been convicted was no longer deemed to be criminal. Importantly, the change in the law had occurred "subsequent to the prisoner's direct appeal and first § 2255 motion." In re Jones, 226 F.3d at 333-34.

Here, Simms, like Jones, was convicted under § 924(c)(1), but his conviction occurred in 1998, well after Bailey changed the relevant law in 1995. Therefore, the substantive law has not changed subsequent to Simms's direct appeal and first § 2255 petition. As such, Simms cannot establish that "the conduct of which [he] was convicted" is no longer criminal, as required to pursue a petition under § 2241 through the savings clause of § 2255. The Court therefore **OVERRULES** Simms's objections to the R&R. In re Jones, 226 F.3d at 333-34.

IV.

For the reasons discussed, the Court:

1.   **ADOPTS** the first and second Reports and Recommendations in their entirety (dkt. nos. 10, 13);

2.   **DENIES** Simms's § 2241 petition (dkt. no. 1);

3.   **DENIES AS MOOT** Simms's motions for leave to proceed in forma pauperis (dkt. nos. 3, 8); and

5

SIMMS v. O'BRIEN                                                    1:11CV96

ORDER ADOPTING REPORTS AND RECOMMENDATIONS

    4.  **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and

        **STRICKEN** from the docket of this Court.

    If the petitioner should desire to appeal the decision of this

Court, written notice of appeal must be received by the Clerk of

this Court within thirty (30) days from the date of the entry of

the Judgment Order, pursuant to Rule 4 of the Federal Rules of

Appellate Procedure.

    It is so **ORDERED**.

    Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of

Court to enter a separate judgment order and to transmit copies of

both orders to counsel of record and to the pro se petitioner,

certified mail, return receipt requested.

Dated: February 17, 2012

                                         /s/ Irene M. Keeley
                                       IRENE M. KEELEY
                                       UNITED STATES DISTRICT JUDGE